## CIRCUIT COURT OF THE CITY OF RICHMOND

Mary B. Fowlkes

    v.

City of Richmond

April 15, 1985

Case No. LJ-6

By JUDGE MELVIN R. HUGHES, JR.

Mary B. Fowlkes, an employee of the City of Richmond, has appealed a decision of the Director of Personnel on the issue of whether her grievance qualifies for a panel hearing before the Personnel Board.

In another grievance proceeding involving another city employee, statements by that employee about Ms. Fowlkes were made a part of the record. Both sides have agreed that the statement is false. Ms. Fowlkes seeks to require the Personnel Board to delete the statement from the record and to inform everyone who was made aware of the statement of its falsity. She also seeks to have the employee reveal the source of the statement and retract it.

City Personnel Rule 8.2.1 and § 2.1-114.5:1(A), Code of Virginia of 1950, as amended, both define a grievance as a "complaint or dispute by an employee relating to his or her employment." Ms. Fowlkes argues, since her complaint fits the definition, it is grievable, and therefore, it deserves a panel hearing.

The City argues the definition does not apply to every complaint an employee may have and it argues Ms. Fowlkes's complaint fails as a grievance because the

relief she seeks is beyond the authority of the Personnel Board.

Assuming, *arguendo*, the complaint here involves "employment", the General Assembly has limited the complaints that are grievable. In § 2.1-114.5:1(B), eight categories of complaints are set out as exempt and therefore, non-grievable. Section 2.1-114.5:1(A) defines the term grievance and, while expressly not limiting the definition, includes within the definition (1) disciplinary actions, (2) application or interpretation of personnel policies, procedures, rules and regulations, (3) acts of reprisals and (4) discrimination based on race, color, political affiliation, age, handicap, national origin or sex. The general rule of construction that specific language prevails over general language, at least as to Section 2.1-114.5:1(B), must be given effect.

In determining grievability, it is not only important to look at the grievance, but also the relief requested, the logical conclusion of the grievance process. There has been no showing that the Personnel Board has the authority to delete statements from the records of other employees' grievances, or, that the Personnel Board has the authority, at the request of a stranger to that proceeding, to single out a piece of evidence and determine, as a group, that the statement is false and then so notify specified individuals and groups who became aware of it. The same applies to the other employee revealing her sources and retracting the statement. During the other grievant's hearing, the validity of the false statement presumably was subject to test if indeed it was material to that proceeding.

Suppose, for example, that instead of a fellow employee, a citizen wrote the City a letter complaining, falsely, that Ms. Fowlkes was not performing in her position. Would the Personnel Board be required to strike the letter from the City's files and advise all who had knowledge of the letter of its falsity? Certainly complaints or disputes may relate to the employment, but not every complaint is grievable.

To relate to the employment, the complaint or dispute must bear a nexus between employer and employee such that it touches upon the common boundary that separates the two in that relationship. This

complaint does not relate to that relationship, but rather, as the City argues, it is a dispute between co-employees which arises out of their status as employees in the backdrop. It is not alleged that the City, in its capacity as her employer, did or permitted anything to be done to Ms. Fowlkes in that relationship.

Accordingly, I find the complaint not grievable.